IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **SECURE AXCESS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 6:13-CV-724 |
| | § | |
| **VANGUARD GROUP, INC.** and | § | JURY TRIAL DEMANDED |
| **VANGUARD MARKETING** | § | |
| **CORPORATION,** | § | |
| | § | |
| *Defendants.* | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Plaintiff Secure Axcess, L.L.C. ("Secure Axcess") and files this Original Complaint for Patent Infringement against Defendants Vanguard Group Inc. and Vanguard Marketing Corporation; and alleges as follows:

**I. NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**II. THE PARTIES**

2. Plaintiff **Secure Axcess, L.L.C.** is a Texas limited liability company that maintains its principal place of business in Plano, Texas.

3. Defendant **Vanguard Group, Inc.** is a Pennsylvania corporation that does business in Texas and maintains its principal place of business in Malvern, Pennsylvania.

4. Defendant **Vanguard Marketing Corporation** is a Pennsylvania corporation and a wholly-owned broker-dealer subsidiary of Defendant Vanguard Group, Inc. that does business in Texas and maintains its principal place of business in Malvern, Pennsylvania.

### III.  JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has specific personal jurisdiction over each Defendant pursuant to due process and the Texas Long Arm Statute because each Defendant, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.  Furthermore, venue is proper because each Defendant, directly or through intermediaries, solicits and establishes online investment relationships with individuals in this District and, through those online investment relationships, provides infringing products or services as discussed below.  Each of Defendants' directly or indirectly infringing acts in this District gives rise to proper venue.

## IV. BACKGROUND

8. This cause of action asserts infringement of United States Patent No. 7,631,191 B2 entitled "System and Method for Authenticating a Web Page" (the "'191 Patent" or the "Patent-in-Suit"), a true and correct copy of which is attached hereto as Exhibit A.

9. Secure Axcess is the current owner of all rights, title, and interest in and under the '191 Patent, which duly and legally issued on December 8, 2009, with Elliott Glazer, Dirk White, David Armes, Fred Alan Bishop, and Michael Barrett as the named inventors. United States Patent Application No. 11/423,340, which resulted in the '191 Patent, is a continuation of United States Patent Application No. 09/656,074, which resulted in United States Patent No. 7,203,838 B1 (the "'838 Patent"). The '191 Patent is subject to a terminal disclaimer. Secure Axcess has standing to sue for the infringement of the '191 Patent.

10. On December 16, 2010, Secure Axcess asserted the '191 Patent in this Court against 33 defendants in *Secure Axcess, LLC v. Bank of America Corp., et al.*, Case No. 6:10-cv-670-LED (E.D. Tex.) (the "*Bank of America* case").

11. On July 9, 2012, this Court issued a Memorandum Opinion and Order in the *Bank of America* case, construing the disputed claim terms of the '191 Patent. A true and correct copy of that Order is attached hereto as Exhibit B.

12. The Court held its pre-trial conference in the *Bank of America* case on April 30, 2013 and scheduled jury selection and trial for May 13, 2013. However, on May 7, 2013, Secure Axcess notified the Court that all parties had reached agreements in principle that would resolve all pending claims in that case, and the *Bank of America* case was dismissed with prejudice on July 15, 2013.

13. Defendants offer investment services to individuals and businesses in the United States including Texas, and particularly within this District. Defendants provide online investment services via electronic means including, but not limited to, the website www.vanguard.com, which incorporates features referred to as the "Enhanced Logon security image and caption." In connection with these online investment services, Defendants make and use a system and method for authenticating a web page that infringe at least claim 1 of the '191 Patent.

## V. CLAIMS

14. Based on the above-described services and products, Secure Axcess asserts several causes of action against Defendants. These causes of action are detailed as follows.

### A. Direct Patent Infringement

15. The allegations of paragraphs 1-14 above are incorporated by reference as if fully set forth herein.

16. Defendants have directly infringed and continue to infringe at least claim 1 of the '191 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, without Secure Axcess's authority, their online investment services website that uses the patented systems and methods for authenticating a web site. Defendants' use of website authenticity, including but not limited to the features referred to as the "Enhanced Logon security image and caption," infringes at least claim 1 of the '191 Patent. Defendants' online investment services website is directed to and accessible from this District.

### B. Inducement of Patent Infringement

17. The allegations of paragraphs 1-16 above are incorporated by reference as if fully set forth herein.

18. Further and in the alternative, at least since the filing of this Complaint, Defendants have been and now are actively inducing infringement of at least claim 1 of the '191 Patent in violation of 35 U.S.C. § 271(b). Defendants' inducements include, without limitation and with specific intent to encourage the infringement, providing their online investment services website that uses, without authority, the patented systems and methods and requiring users of their website to use and instructing their users how to use the features referred to as the "Enhanced Logon security image and caption," which Defendants know or should know infringe at least claim 1 of the '191 Patent.

## VI.  VICARIOUS LIABILITY

19. The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein.

20. In addition to liability for their own independent conduct, Defendants are also liable for the conduct of their subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## VII.  NOTICE

21. The allegations of paragraphs 1-20 above are incorporated by reference as if fully set forth herein.

22. At least by filing and serving this Original Complaint for Patent Infringement, Secure Axcess has given Defendants written notice of their infringement.

## VIII.  DAMAGES

23. The allegations of paragraphs 1-22 above are incorporated by reference as if fully set forth herein.

24. For the above-described infringement, Secure Axcess has been injured and seeks damages to adequately compensate it for Defendants' infringement of the '191 Patent. Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

Secure Axcess respectfully requests the following relief:

a. A judgment in favor of Secure Axcess that each Defendant has directly or indirectly infringed the '191 Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment and order requiring each Defendant to pay Secure Axcess its damages, costs, expenses, and pre-judgment and post-judgment interest for each Defendant's infringement of the '191 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed; and

c. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial of all issues triable of right by a jury.

Respectfully submitted,

*/s/ Nelson J. Roach*

**NELSON J. ROACH**
TEXAS STATE BAR NO. 16968300
njroach@nixlawfirm.com
**DEREK GILLILAND**
TEXAS STATE BAR NO. 24007239
dgilliland@nixlawfirm.com

Case 6:13-cv-00724-LED   Document 1   Filed 09/27/13   Page 7 of 8 PageID #:  7

**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Dr.
Daingerfield, Texas  75638
Telephone:  (903) 645-7333
Facsimile:  (903) 645-5389

**BEN KING**
TEXAS STATE BAR NO. 24048592
benking@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
2900 St. Michael Dr., Ste. 500
Texarkana, Texas  75503
Telephone:  (903) 223-3999
Facsimile:  (903) 223-8520

**EDWARD CHIN**
TEXAS STATE BAR NO. 50511688
edchin@me.com
**ANDREW WRIGHT**
TEXAS STATE BAR NO. 24063927
andrewjwright@me.com
**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
kirkvoss@me.com
**WINN CUTLER**
TEXAS STATE BAR NO. 24084364
winncutler@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Ste. 1900
Irving, Texas  75039
Telephone:  (972) 831-1188
Facsimile:  (972) 444-0716

**ERIC M. ALBRITTON**
TEXAS STATE BAR NO. 00790215
ema@emafirm.com
**MICHAEL A. BENEFIELD**
TEXAS STATE BAR NO. 24073408
mab@emafirm.com
**SHAWN A. LATCHFORD**
TEXAS STATE BAR NO. 24066603
sal@emafirm.com

Original Complaint for Patent Infringement                                                                                        Page 7

**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

*Counsel for Plaintiff Secure Axcess, LLC*